**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ISAAC SHANNON,**

      **Plaintiff,**      9:12-cv-395
                  **(GLS/CFH)**

   **v.**

**J. GOON,**

      **Defendant.**
_____
**APPEARANCES:**        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Isaac Shannon
Pro Se
07-A-6666
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004

**FOR THE DEFENDANT:**
HON. ERIC T. SCHNEIDERMAN    DOUGLAS J. GOGLIA
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

  Plaintiff *pro se* Isaac Shannon commenced this action against

defendant J. Goon, a nurse at the Auburn Correctional Facility, alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (*See* Compl., Dkt. No. 1.) In response to a motion for injunctive relief filed by Shannon, Goon cross-moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (*See* Dkt. Nos. 13, 16, 18.) In a Report-Recommendation and Order (R&R) dated November 9, 2012, Magistrate Judge Christian F. Hummel recommended that Goon's motion be granted in its entirety. (*See* Dkt. No. 37.) Shannon filed an objection to Judge Hummel's R&R and cross-moved for leave to amend his Complaint and add new defendants. (*See* Dkt. No. 39.) For the reasons that follow, the R&R is adopted to the extent that it recommends dismissal for failure to state a plausible Eighth Amendment claim, Shannon's Complaint is dismissed as to Goon, and his cross motion seeking leave to amend is granted.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and

2

recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.[1] *See id.*

Motions brought pursuant to Fed. R. Civ. P. 12(c) are analyzed under the same standard as those brought under Fed. R. Civ. P. 12(b)(6). *Jenkins v. Collins Bldg. Servs.*, No. 11-1947, 2012 WL 4901412, at *1 (2d Cir. Oct. 17, 2012). As such, the plaintiff must state a claim which is "plausible on its face." *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010) (internal quotation marks and citation omitted). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks and citation omitted). A court considering a motion for judgment on the pleadings "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." *Id.* (internal

---

[1] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

quotation marks and citation omitted). Furthermore, the allegations of a *pro se* litigant must be construed liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006).

### III. Discussion

### A. Goon's Rule 12(c) Motion

Judge Hummel's R&R recommends that Goon's Rule 12(c) motion be granted, and Shannon's Complaint dismissed, for failure to plead facts sufficient to allege the requisite personal involvement or plausibly satisfy the subjective prong of the Eighth Amendment deliberate indifference test.[2] (*See* Dkt. No. 37 at 5-11.) To the extent that Shannon's post-R&R submission can be read to object to the R&R, it does so only as to that portion which found that the facts adduced were insufficient to establish personal involvement on behalf of Goon. (*See* Dkt. No. 39 at 2-3.) Accordingly, Judge Hummel's findings and recommendation on the issue of personal involvement are reviewed *de novo*, while the remainder of the

---

[2] The R&R also considers Goon's argument that she is entitled to qualified immunity. (*See* Dkt. No. 37 at 11.) Based on a finding that Shannon's allegations, if true, fail to establish a constitutional violation, the R&R found that the qualified immunity analysis need not proceed past the initial stage of inquiry. (*See id.* at 11-12); *Aiken v. Nixon*, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002). Despite this finding, the R&R concluded that qualified immunity provides an alternative basis on which to grant Goon's Rule 12(c) motion. (*See* Dkt. No. 37 at 12.) Because the court agrees with the finding that Shannon's allegations fail to establish a constitutional violation, however, it need not consider Goon's qualified immunity defense. *See Smolen v. Fischer*, No. 12 Civ. 1856, 2012 WL 3609089, at *12 n.22 (S.D.N.Y. Aug. 23, 2012).

4

R&R is reviewed for clear error.  *See Almonte,* 2006 WL 149049, at *6-7.

    *1.    Personal Involvement*

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983."  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).  Ordinarily, the plaintiff must demonstrate that there is a "tangible connection between the alleged unlawful conduct and the defendant."  *Balkum v. Sawyer*, No. 6:06-CV-1467, 2011 WL 5041206, at *4 (N.D.N.Y. Oct. 21, 2011) (citing *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)).

On July 2, 2011, while an inmate at Auburn Correctional Facility, Shannon experienced a generalized tonic-clonic seizure lasting approximately thirty minutes.  (*See* Compl. at 4, 7.)  Shannon was administered a dose of anti-convulsant medication and subsequently experienced cardiopulmonary arrest which required resuscitation.  (*See id.*; Dkt. No. 29, Attach. 1 at 1-8.)  It is this administration of anti-convulsant medication that Shannon contends constitutes deliberate indifference by Goon.  (*See* Compl.)  Shannon alleges that he was told by employees of Auburn Memorial Hospital, where he was taken after his seizure, that the medication administered to him "had to come from the J. Goon in [sic] her

co-workers etc." (*Id.* at 4.)  Additionally, he states that "one C.O. said to [him, ']I heard it was nurse J. Goon that gave you something in [sic] then you went flat-line.[']" (Dkt. No. 29, Attach. 1 at 7.)

Citing the fact that Shannon's allegations of personal involvement by Goon rely upon "unnamed, unsubstantiated, third party and multiple hearsay statements," the R&R concluded that they do not meet the threshold level of facial plausibility.³  (Dkt. No. 37 at 6.)  Accepting Shannon's allegations as true, however, as the court must, and in light of the special solicitude to which he is entitled, the court finds that Shannon has sufficiently alleged personal involvement on behalf of Goon.

*2. Deliberate Indifference*

Ultimately, the issue of personal involvement has no bearing on the final conclusion reached by the R&R, because the court agrees with Judge Hummel that Shannon fails to state a plausible Eighth Amendment deliberate indifference claim.  The Eighth Amendment prohibition on the

---

³ The court notes that *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), which the R&R cites in support of its finding regarding personal involvement, discusses the evidentiary standard applicable to motions for summary judgment, not that applicable to motions to dismiss or for judgment on the pleadings.  *See Campanella v. Cnty. of Monroe*, 853 F. Supp. 2d 364, 378 (W.D.N.Y. 2012) ("Neither *Twombly* nor *Iqbal* altered the rule that a plaintiff need not plead specific, admissible evidence in support of a claim, and a contrary rule would confuse the principles applicable to a motion to dismiss with those governing a motion for summary judgment.")

6

infliction of "cruel and unusual punishments on those convicted of crimes" extends to "prison officials when they provide medical care to inmates." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (internal quotation marks and citation omitted).  To establish an Eighth Amendment claim in this context, "a prisoner must prove deliberate indifference to [his] serious medical needs," which requires satisfaction of both an objective and subjective prong.  *Id.* (internal quotation marks and citation omitted).  Under the objective requirement, the alleged deprivation must be "sufficiently serious."  *Id.* (internal quotation marks and citation omitted). The subjective element is met where the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference."  *Id.* (internal quotation marks and citation omitted).  Neither negligence nor mere medical malpractice constitutes an Eighth Amendment violation.  *Id.* at 66, 68.

Goon concedes that Shannon's medical condition was "sufficiently serious" to satisfy the objective prong of the deliberate indifference inquiry. (Dkt. No. 18, Attach. 1 at 5.)  Even when construed liberally, however, Shannon's allegations do not plausibly satisfy the subjective requirement.

7

Although he admits that Goon believed the medication "would help him for seizing," Shannon alleges that, because he had previously received different anti-convulsant medication without complications, she "basically disregarded [his] medical record." (Dkt. No. 29, Attach. 1 at 1.)  Despite Shannon's contention that his medical record made clear that he could receive other types of anti-convulsant medication without complication, he does not allege that it contained information from which Goon could infer that the medication in question would pose an excessive risk to his health or safety. (*See* Compl.; Dkt. No. 29, Attach. 1.)  Furthermore, Shannon's contention that Goon believed the medication "would help him for seizing," (Dkt. No. 29, Attach. 1 at 1), belies any contention that Goon inferred the existence of such risk.  Accordingly, the court adopts Judge Hummel's finding that Shannon failed to plead facts sufficient to satisfy the subjective prong of the deliberate indifference inquiry, as well as his recommendation that Goon's motion for judgment on the pleadings therefore be granted.[4]

---

[4] While the court agrees with the ultimate finding and conclusion contained in the R&R regarding Shannon's Eighth Amendment claim, it notes that the observation contained therein that the record is "devoid of any facts sufficient to raise a question of material fact with respect to the subjective prong of the analyis," (Dkt. No. 37 at 9), again suggests the possible application of the summary judgment standard.  Whether this standard was applied, and therefore constitutes clear error, however, is immaterial, because, as discussed above, even when construed liberally, Shannon's allegations of deliberate indifference fail to meet the applicable facial plausibility threshold.

8

(*See* Dkt. No. 37 at 7-11.)

## B.     Cross Motion for Leave to Amend

Following the issuance of Judge Hummel's R&R, Shannon sought leave to amend his Complaint and add new defendants. (*See* Dkt. No. 39.) It appears as though Shannon seeks to elaborate on an allegation which he first raised, albeit briefly, in his Complaint: that he was denied recommended physical therapy in violation of the Eighth Amendment. (*See id.* at 1-3; Compl. at 5.) In furtherance of this allegation, Shannon expresses an intent to add as defendants "Auburn's Nurse Administrator along with Carl J. Koenigsmann, Chief Medical Officer." (Dkt. No. 39 at 1.)

Although in all cases "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim," *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation marks and citations omitted). Specifically, a complaint filed by a *pro se* litigant "should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation

omitted).

In light of this liberal standard, the court concludes that leave to amend is appropriate, see Fed. R. Civ. P. 15(a)(2), and Shannon is therefore granted leave to file an Amended Complaint in compliance with, *inter alia*, Fed. R. Civ. P. 8(a) and N.D.N.Y. L.R. 7.1(a)(4).  Granting Shannon leave to amend to elaborate on his denial of physical therapy-based theory of liability, however, in no way precludes dismissal of his Complaint as to Goon, as he admits that any involvement by her occurred "not after [the administration of the anti-convulsant drug to him] but before that in the infirmary."  (Dkt. No. 29, Attach. 1 at 2.)

## IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Hummel's November 9, 2012 Report-Recommendation (Dkt. No. 37) is **ADOPTED** to the extent that it recommends dismissal for failure to state a plausible Eighth Amendment claim; and it is further

**ORDERED** that Goon's cross motion for judgment on the pleadings (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED** that Shannon's Complaint (Dkt. No. 1) is **DISMISSED as**

10

**against Goon**; and it is further

**ORDERED** that Goon is **TERMINATED** as a party to this action; and it is further

**ORDERED** that Shannon's objection and cross motion (Dkt. No. 39) is **GRANTED** to the extent that it seeks leave to amend his Complaint; and it is further

**ORDERED** that Shannon shall—in accordance with the requirements of, *inter alia*, Fed. R. Civ. P. 8(a) and N.D.N.Y. L.R. 7.1(a)(4)—file an Amended Complaint within thirty (30) days of this order; and it is further

**ORDERED** that, if Shannon fails to file an Amended Complaint within thirty (30) days of this order, the Clerk shall **DISMISS** his Complaint (Dkt. No. 1) and **CLOSE** this action without further order of the Court; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 15, 2013
Albany, New York

*[Signature]*
Gary L. Sharpe
Chief Judge
U.S. District Court