**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**ISAAC SHANNON,**

                    **Plaintiff,**

                                                   **9:12-CV-395**
                 **v.**                                     **(GLS/CFH)**

**J. GOON, Nurse; Auburn Correctional**
**Facility,**

                    **Defendants.**

_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**

ISAAC SHANNON
Last Known Address:
07-A-6666
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004

**FOR THE DEFENDANTS:**

HON. ERIC T. SCHNEIDERMAN    DOUGLAS J. GOGLIA
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe**
**Chief Judge**

## DECISION AND ORDER

The court cannot locate *pro se* plaintiff, Isaac Shannon. Accordingly, it considers *sua sponte* Shannon's noncompliance with this District's Local Rules by failing to notify the court of his current address and by not prosecuting his action.

On March 2, 2012, Isaac Shannon filed a 1983 prisoner civil rights action. *See Dkt. No.* 1. On April 30, 2012, an order was issued granting the plaintiff's *in forma pauperis* application. At that time, he was advised of his obligation to adhere to the Federal and Local Rules even though he was a *pro se* litigant. *See Dkt. No.* 5. This district has expended considerable effort in order to familiarize *pro se* litigants with those Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible.  See http://www.nynd.uscourts.gov.  In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of any change of address.** The notice of change of address is to be filed with the clerk of the court and served on all other

2

>parties to the action. The notice must identify each and every action for which the notice shall apply.... (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

In fact, while this litigation has been pending, Shannon has acknowledged this obligation twice by filing a change of address on March 27, 2012 and August 29, 2012. *See Dkt. Nos.* 22 *and* 27.

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court. *Link v. Wabash R.R. County Indep. Sch. Dist.*, 370 U.S. 626 (1962); *see also*, *Lyell Theater Corp. v. Loews Corp.*, 628 F. 2d 37 (2d Cir. 1982).

On December 26, 2012, the Clerk sent notice of a partial filing fee in the amount of $17.67. On January 14, 2013, Shannon's copy of the notice was marked return to sender - attempted not known, unable to forward - Paroled 12/2/12. On January 15, 2013, the court issued a Memorandum-Decision and Order directing Shannon to file an amended complaint within thirty (30) days of the Order. It further ordered that if

3

Shannon failed to file an Amended Complaint within thirty (30) days of the order, the Clerk shall DISMISS the complaint and close this action withour further order of the Court. Dkt. No. 42. On January 23, 2013, Shannon's copy of the Memorandum-Decision and Order was marked Return to Sender - Undeliverable as Addressed - Paroled 12/21/12. Dkt. No. 43. This court ascertained that Shannon was paroled on December 21, 2012. See N.Y.S. Department of Corrections website; http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120.

On February 5, 2013, the Court issued an order directing Shannon to notify the court by February 14, 2013 of his current address and/or verify that his mailing address as listed in the caption of this order. *See Dkt. No.* 44. The court warned Shannon that his failure to comply with the order could result in dismissal for failure to comply with L.R. 10.1(b) and 41.2(b). A copy of the order was sent to the last known address of the plaintiff.

On February 20, 2013, Shannon's copy of the order was marked return to sender - Unable to Forward, Paroled 12/21/12. See Dkt. No. 45.

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. *Michaud v. Williams*, 98cv1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov.

4

5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, then D.J.).  As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions.  *See Williams v. Faulkner*, 95cv741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at, *1; *Fenza*, 177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.

Shannon's failure to provide this court with a change of address warrants dismissal.  Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute.  According, it is

5

hereby

**ORDERED** that Shannon's complaint is **DISMISSED** for failure to notify the court of his current address, failure to prosecute and for failure to comply with this court's orders dated January 15, 2013 and February 5, 2013, and it is further

**ORDERED** that the Clerk of the Court serve copies of this Order to the parties at the addresses listed in the caption as directed under the local rules; and it is further

**ORDERED** that the Clerk serve plaintiff at his last known address.

**SO ORDERED.**

**Dated:** **March 1, 2013**
**Albany, New York**

Gary L. Sharpe
Chief Judge
U.S. District Court